UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANT A/E WEST CONSULTANTS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Dkt. 18, filed August 20, 2015)

**I.  INTRODUCTION**

On June 26, 2015, plaintiffs TC RICH, LLC ("TC RICH"), Rifle Freight, Inc., ("Rifle"), Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer (collectively, "plaintiffs") filed this action against defendants Pacifica Chemical Incorporated ("Pacifica"); Aqua Science Engineers, Inc. ("Aqua Science"); A/E West Consultants, Inc. ("A/E West"); and Does 1-10, inclusive ("PRP Defendants"). Plaintiffs' complaint asserts the following nine claims: (1) Cost recovery and contribution based on owner liability under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601, et seq. (against Pacifica); (2) Cost recovery and contribution based on owner liability under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601, et seq. (Against PRP Defendants); (3) Cost recovery and contribution based on arranger liability under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601, et seq. (against PRP Defendants); (4) Declaratory Relief (against PRP Defendants); (5) Continuing Private Nuisance (against TC RICH and PRP Defendants); (6) Continuing Trespass (against TC RICH and PRP Defendants); (7) Negligence (against PRP Defendants); (8) Negligence Per Se (against PRP Defendants); and (9) Professional Negligence (against Aqua Science and A/E West).

On August 20, 2015, defendant A/E West filed the instant motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss claim number nine for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

professional negligence as against A/E West. Dkt. 18. On September 1, 2015, plaintiffs filed an opposition to A/E West's motion, Dkt. 25, and A/E West replied on September 3, 2015, Dkt. 30. On September 28, 2015, the Court held oral argument and requested supplemental briefing regarding the statute of limitations. Dkt. 34. On October 5, 2015, the parties filed supplemental briefs. Dkts. 35-36. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

In May 2005, plaintiff TC RICH purchased the property located at 132 W.132nd Street, Los Angeles, CA 90061 ("the Property") from non-party Eun Hee Lee. Compl. ¶ 6. Plaintiffs allege that defendant Pacifica Chemical occupied the Property from at least 1980 to 1999 for its chemical manufacturing and distribution business, which involved the formulation of fabric softeners, dyes, and detergents. Compl. ¶ 15. According to the complaint, during Pacifica Chemical's operations, detergents and softeners were blended in mixing tanks, and industrial wastewater was generated when the mixing tanks were rinsed. Id. ¶ 15, 20. By 2000, plaintiffs aver that Pacifica Chemical had ceased all manufacturing operations and no longer generated industrial wastewater at the Property. Id. ¶ 20.

Plaintiffs further allege that in May 2005, "in connection with financing of the Property and as a matter of due diligence and reasonable inquiry" before the purchase, a registered environmental assessor at defendant A/E West prepared a Phase I Environmental Assessment Report for the Property ("Phase I Report," or "the Report"). Id. at ¶ 21. The Phase I Report, which is attached as Exhibit A to the complaint, included, *inter alia*, the following provisions:

> This Report is a Phase I Environmental Site Assessment of the subject property performed . . . in accordance with the accepted agreement between Dwyer-Curlett & Company for Canada Life Insurance Company of America (Client) and A/E West Consultants Inc. (Consultant).

***

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

> This Report is for the exclusive use of and may be relied upon by Canada Life Insurance Company of America and Dwyer-Curlett & Company.
>
> \*\*\*
>
> This Report has been written for the exclusive use of the entities, organizations and/or individuals listed in Section I of this Report, and no parties or persons other than those identified as authorized users may use or rely on the information or opinions in this Report without the written consent of A/E West Consultants Inc.
>
> \*\*\*
>
> This Report was prepared for a limited use involving a single transaction, as set forth herein, and may not be used for any other purpose without the written consent of A/E West.

Compl. Ex. A ("Phase I Report"), at 3-4, 29. The Phase I Report does not mention plaintiffs by name, but refers to the Property as the "Fleischer Customs Building." See id.

      In the Phase I Report, A/E West recommended specific further investigation, including a limited analysis of soil samples from the Property. Id. ¶ 22. In accordance with A/E West's recommendation, plaintiff Fleischer contracted defendant Aqua Science Engineers to perform the subsurface soil analysis that A/E West recommended. Id. In a "Phase II" report, Aqua Science concluded that volatile organic compounds were not present in the Property's soil, and also did "not recommend that any further subsurface investigation be conducted at this site in relation to the wastewater clarifier." Id. at ¶ 93. The complaint further alleges that "[h]aving made a reasonable inquiry into the potential environmental issues and having received a finding of 'no contamination' . . . [plaintiff] TC RICH proceeded with and completed its purchase of the Property" in 2005. Id. ¶ 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

    Plaintiffs allege that roughly ten years after their purchase they needed to seek new environmental assessments in connection with their refinancing and repayment of the 2005 purchase-money loan on the Property, which had a 10-year term. Id. ¶¶ 24, 97. Accordingly, a new "Phase I Environmental Site Assessment" was performed by non-party Anderson Environmental, which recommended further sampling and inspection of the site. Id. ¶ 24. Non-party EEC Environmental carried out the additional sampling and allegedly found appreciable soil, soil vapor, and groundwater contamination requiring significant remediation. Id. ¶¶ 25-27. Non-party Partner Engineering & Science, Inc. reviewed EEC Environmental's cost estimates and presented an independent remedial cost estimate letter. See Compl. Ex. F. According to Partner Engineering's estimates, the cost to address potential soil gas, soil, and/or groundwater impacts are "expected to range from $300,000 to $575,000 (and maybe as high as $925,000)." Compl. ¶ 28. The bulk of the remainder of the complaint includes allegations that Pacifica owes plaintiffs the costs of remediation of the Property under various theories of liability. See id. ¶¶ 29-86.

    As is relevant to the instant motion, plaintiffs bring a claim for professional negligence against defendant A/E West in relation to their work on the 2005 Phase I Report. Id. ¶¶ 87-98. Specifically, the complaint alleges that "[A/E West] was aware that the Plaintiffs were planning on purchasing the Property [in 2005] but that the financing and purchase of the Property would depend on the Property being determined to be free and clear of toxic and hazardous substances." Id. ¶ 90. Plaintiffs further aver that "A/E West was aware that Plaintiffs were an intended beneficiary of [A/E West's] evaluation of the Property and the Phase I [E]nvironmental Assessment it would issue," and that plaintiffs "proceeded to close the escrow for the purchase of the subject Property" in reliance on the reports from defendants A/E West and Aqua Science. Id. ¶¶ 90, 94. Ultimately, the complaint alleges that A/E West was negligent in "in preparing the [Report] and in rendering opinions and recommendations to plaintiffs," and that plaintiffs have suffered damages as a direct and proximate result of defendant's alleged professional negligence. Id. ¶ 95.

### III.   LEGAL STANDARD

    A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

    In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief .") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

    Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig, 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

### A. Professional Negligence Claim

Under California law, "[t]he elements of a cause of action in tort for professional negligence are (1) the *duty* of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a *breach* of that duty; (3) a proximate *causal connection* between the negligent conduct and the resulting injury; and (4) *actual loss or damage* resulting from the professional's negligence." Budd v. Nixen, 6 Cal.3d 195, 200 (1971) (emphasis added). A/E West's primary contention in the instant motion is that because A/E West (1) was not in privity of contract with plaintiffs, (2) did not intend for plaintiffs to be a beneficiary of the Phase I Report, and (3) included language in the Phase I Report that expressly limits the scope of their duty, they therefore did not owe plaintiffs a legal duty of care that could possibly support a claim for professional negligence. For reasons explained below, the Court disagrees and accordingly concludes that defendant's motion must be denied.

#### 1. Duty of Care to a Third Person Not in Privity

Although plaintiffs do not allege privity of contract with defendant A/E West, they nevertheless contend that as third parties, they were still a owed a duty of care because they were intended beneficiaries of the Report. Under the relevant standard, "[t]he determination whether . . . the defendant will be held liable to a *third person not in privity*," as in the instant case, "is a matter of policy and involves the balancing of various factors," now called the Biakanja factors, "among which are [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **'O'**

| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm." Biakanja v. Irving, 49 Cal. 2d 647, 650 (1958) (emphasis added). With respect to these factors, A/E West's motion primarily argues that plaintiffs' pleadings fail to sufficiently allege that they were intended beneficiaries of the Report, as required by Biakanja factor number one regarding "the extent to which the transaction was intended to affect the plaintiff." The Court accordingly focuses the analysis below on a discussion of this threshold factor.

In its motion, A/E West analogizes the instant suit to Bily v. Arthur Young & Company, in which investors who had lost their investments in a company brought a professional negligence claim against an accounting firm that the company had hired to audit its financial statements. 3 Cal. 4th 370 (1992). Although they were not intended beneficiaries of the audit reports, the investors in Bily argued they were *foreseeable users* of the reports, could reasonably be expected to rely upon them, and in fact did rely upon the accounting firm's unqualified audit opinion when investing in the company. Id. at 397-98. In spite of such foreseeable reliance, the California Supreme Court applied the Biakanja factors and ultimately "decline[d] to permit all merely foreseeable third party users of audit reports to sue the auditor on a theory of professional negligence." Id. at 398. More specifically, the court held that "an auditor's liability for general negligence in the conduct of an audit of its client financial statements is confined to the client, i.e., the person who contracts for or engages the audit services," such that "[o]ther persons may not recover on a pure negligence theory," even if it was foreseeable that these others persons would have relied on the report. Id. at 406. Notably, however, the court added that "*specifically intended beneficiaries* of the audit report who are *known to the auditor* and for whose benefit it renders the audit report . . . may recover on a theory of negligent misrepresentation," though "not . . . on a general negligence theory." Id. at 407 (emphasis added). Furthermore, while Bily involved the liability of accountants (or auditors), the court noted that "[a]ccountants are not unique in their position as suppliers of information and evaluations for the use and benefit of others," since "[o]ther professionals, including attorneys, architects, engineers, title insurers and abstractors, and others also perform that function" and "may also face suits by third persons claiming reliance on information and opinions generated in a professional capacity." Id. at 410.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **'O'**

| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

In light of Bily, A/E West argues that "for all groups of information-supplying professionals [such as the auditors in Bily or environmental consultants like A/E West], liability is limited to those persons the information *is intended to benefit*." Motion at 9 (emphasis added). Accordingly, as A/E West suggests, plaintiffs' ability to state a claim for professional negligence largely hinges upon whether they have adequately pled that they are intended beneficiaries of the Phase I Report and not merely foreseeable users who reasonably relied on the report. See Reply at 3. In this vein, plaintiffs allege that

> A/E West was aware that the Plaintiffs were planning on purchasing the Property but that the financing and purchase of the Property would depend on the Property being determined to be free and clear of toxic and hazardous substances. . . . [Accordingly,] A/E West was aware that *Plaintiffs were an intended beneficiary* of its evaluation of the Property and the Phase I environmental Assessment it would issue.

Compl. ¶ 90 (emphasis added); see also id. ¶ 13 ("[A/E West was] retained *for the benefit of Plaintiffs* to conduct an Environmental Site Assessment" (emphasis added)). Plaintiffs further argue in their opposition to the instant motion that the Report itself, which is attached to the complaint, identifies the Property as "the Fleischer Customs Building" (in reference to plaintiffs Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer) and thereby evidences A/E's awareness that plaintiffs were intended beneficiaries. Opp'n at 3 (citing Phase I Report).

In challenging the sufficiency of such allegations, A/E West relies heavily upon language in the Phase I Report that, in A/E West's view, "specifically disavows any [] 'intended beneficiary' status for any of the plaintiffs" and thereby means that "there can be no liability [to plaintiffs] for professional negligence on the part of A/E West." Reply at 3. As A/E West notes, the Report expressly states that it is "for the exclusive use of and may be relied upon by Canada Life Insurance Company of America [plaintiffs' lender] and Dwyer-Curlett & Company [plaintiffs' mortgage broker]," with whom A/E West was in privity. Compl. Ex. A (Phase I Report), at 4; see also Opp'n at 3. The Report further states that it "has been written for the exclusive use of the entities, organizations and/or individuals listed in Section I of this Report[, which does not include plaintiffs], and no parties or persons other than those identified as authorized

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

users may use or rely on the information or opinions in this Report without the written consent of A/E West Consultants Inc." Compl. Ex. A (Phase I Report), at 29.

Crucially, however, plaintiffs are alleging in no uncertain terms that in spite of such limiting language in the Report, A/E West was "aware that [] Plaintiffs were planning on purchasing the Property," was "retained for the benefit of Plaintiffs," and was "aware that Plaintiffs were an intended beneficiary of its evaluation of the Property." Compl. ¶ 13, 90. A/E West's contention that the the Court may "disregard" these allegations in the complaint because they are purportedly "contradicted by facts established by reference to documents attached as exhibits to the complaint"—i.e., the Report itself—is unavailing. Reply at 4 (citing Sprewell, 266 F.3d at 988 ("The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.")). Simply put, no such contradiction of alleged facts exists. The limiting language in the Report simply establishes what the Report, on its face, indicates as to the identity of its intended beneficiaries. It does not, however, preclude plaintiffs from alleging that they were intended beneficiaries of the Report *in spite of language in the Report suggesting otherwise*. If, for example, the facts ultimately demonstrate that all parties expressly understood plaintiffs to be intended beneficiaries in spite of the Report's limiting language, then such language may not be dispositive of whether A/E West owed a duty of care to plaintiffs.

In one instructive post-Bily case, the California Court of Appeal for the Second District reversed the lower court's granting of summary judgment in favor of a real estate appraiser on a negligent misrepresentation claim brought by third-party investors. Soderberg v. McKinney, 44 Cal. App. 4th 1760, 1770 (1996). In Soderberg, the investors had relied on the appraiser's report even though the appraisal report stated that it was intended to assist *the mortgage broker* in its real estate lending decisionmaking and that '[r]eproduction of th[e] appraisal report is restricted to such use by [the mortgage broker].'" Id. at 1770. The court of appeal found that liability to third-party investors may attach to the real estate appraiser *even when the appraiser was hired by a mortgage broker and did not know the potential investors by name or specific identity.* Id. at 1767-68 (citing Bily, 3 Cal.4th at 414). Citing to Bily, the court noted that "liability may be appropriate where the defendant 'knows with substantial certainty that plaintiff, or the particular class of persons to which plaintiff belongs, will rely on the representation in the course of the [relevant] transaction.'" Id. at 1768 (citing Bily, 3 Cal.4th at 414.). As the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **'O'**

| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

court further explained, "[i]t is enough that the maker of the representation [here, A/E West] intends it to reach and influence either a particular person or persons, known to him [e.g., plaintiffs in this action], or a group or class of persons, distinct from the much larger class who might reasonably be expected sooner or later to have access to the information and foreseeably to take some action in reliance upon it." Id. at 1769 (citation omitted). Likewise, it is enough "that the maker of the representation knows that his recipient"—here, plaintiffs' lender and mortgage broker—"intends to transmit the information to a similar person, persons or group" (e.g., plaintiffs). Id. (citation omitted).

Accordingly, in light of plaintiffs' allegations regarding their status as known and intended beneficiaries of the report, A/E West's reliance upon the California Supreme Court's decision in Bily v. Arthur Young & Company is unavailing.[1] See 3 Cal.4th 370 (1992). Plaintiffs are not, as A/E West contends, "rely[ing] on a 'foreseeability rule' that has been abrogated by Bily." Mot. to Dismiss at 9. Rather, as explained *supra*, plaintiffs

---

[1] Additional cases that A/E West cites in support of its contentions also do not inform a different result here. For example, plaintiffs note that in *Mission Oaks Ranch, Ltd. v. Cnty. of Santa Barbara*, the court of appeal sustained a demurrer to a negligence claim brought by a third party plaintiff against the preparer of an environmental impact report. 65 Cal. App. 4th 713 (1998) disapproved of on other grounds by Briggs v. Eden Council for Hope & Opportunity, 19 Cal. 4th 1106 (1999). However, in *Mission Oaks Ranch* there were "no allegations [in the complaint] that [defendant consultant] knew that [third-party plaintiff] would have any involvement" in the use of the defendant's work product. Id. at 726. A/E West's reliance upon FSR Brokerage, Inc. v. Superior Court, 35 Cal. App. 4th 69 (1995), and Willemsen v. Mitrosilis, 230 Cal. App. 4th 622 (2014) is similarly unavailing, as both appellate rulings followed the development of a factual record and lower court rulings on summary judgment. See FSR Brokerage, Inc., 35 Cal. App. 4th at 73-74 ("Plaintiffs presented no evidence they were intended beneficiaries of the allegedly negligently supplied information concerning the defect."); Willemsen, 230 Cal. App. 4th at 631 ("There is no indication, however, that the [defendants] were aware that [plaintiff] hoped to use the appraisal report as an investigational tool upon which to base his decision to approve or reject the property.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

are alleging that they were the intended beneficiaries of the report—despite the Report's limiting language—and that defendant A/E West knew as much. Compl. ¶ 13, 90. Of course, if plaintiffs are, as they allege, intended beneficiaries of the Report, it logically follows that their reliance upon the report should be foreseeable. Accordingly, the Court concludes that plaintiffs have sufficiently pled facts demonstrating they were an "intended beneficiary" and have adequately pled their professional negligence claim.

       **B.**      **Statute of Limitations**

            **1.**      **Generally**

An action for professional negligence that claims damage of intangible property interests or that is not based on an instrument in writing carries a two-year statute of limitations. Cal. Code Civ. P. § 339(1); Slavin v. Trout, 18 Cal.App.4th 1536, 1539 (1993). Negligent injury to tangible personal or real property carries a three-year statute of limitations. Cal. Code Civ. P. § 339(1); Taylor v. Forte Hotels, 235 Cal.App.3d 1119, 1126-1127 (1991). The applicable statute of limitations depends on "the nature of the cause of action, i.e., the 'gravamen' of the cause of action." E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal. App. 4th 1308, 1316 (2007) (quoting Hensler v. City of Glendale, 8 Cal.4th 1, 22 (1994)). "Where more than one statute might apply to a particular claim, 'a specific limitations provision prevails over a more general provision.'" Id. at 1316-17 (quoting Creditors Collection Service v. Castaldi, 38 Cal.App.4th 1039, 1043 (1995)).

The statute of limitations period commences when a cause of action accrues. Fox v. Ethicon Endo–Surgery, Inc., 35 Cal.4th 797, 806 (2005). Generally speaking, a cause of action accrues at "the time 'when, under the substantive law, the wrongful act is done,' or the wrongful result occurs, and the consequent 'liability arises.'" Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999) (citation omitted). In other words, the statute of limitations begins to run "when the cause of action is complete with all of its elements." Id. (citation omitted). Accordingly, A/E West argues that regardless of whether a two-year or three-year statute of limitations applies, plaintiffs' claim for professional negligence is time-barred because the action was filed ten years after the allegedly negligent conduct occurred and the cause of action was "complete with all of its elements."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

### 2. The Discovery Rule

Plaintiff maintains that under the "discovery rule," the action is not time-barred because the various statutes of limitations did not begin to run until plaintiff discovered or had reason to discover the alleged injury in the first instance. Under California law, "[a]n exception to the general rule for defining the accrual of a cause of action—indeed, the 'most important' one—is the discovery rule." Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999) (citation omitted). As plaintiffs argue, the discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Norgart, 21 Cal.4th at 397; accord Fox, 35 Cal.4th at 807. More specifically, "in actions where the rule applies, the limitations period does not accrue until the aggrieved party has [actual or constructive] notice of the facts constituting the injury." E-Fab, 153 Cal. App. 4th at 1318 (citing Fox, 35 Cal.4th at 807). For purposes of accrual of the limitations period, inquiry notice can be triggered by suspicion. Id. at 1319 (citing Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1111 (1988) ("Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights.")).

A/E West argues that plaintiffs cannot avail themselves of the discovery rule because the complaint "provide[s] zero explanation of any diligence [plaintiffs] took to try and discover anything regarding the nature of the Property they were purchasing or inhabiting," alleging only, in defendant's view, that they "relied on the Report and put blinders on to all else." Motion at 14. A/E West further argues that "any diligent buyer and/or tenant would have had their own investigation performed—an investigation specifically done for their benefit and reliance," and that therefore "plaintiffs cannot utilize the discovery rule as a crutch and this matter should be dismissed as time-barred." Id.

Defendant's argument misses the mark, however, as it focuses on actions plaintiffs purportedly should have taken at a time when plaintiffs allege they had no actual or constructive notice of their claim—that is, no knowledge or reason to suspect any injury. As the California Supreme Court explained in Fox, "plaintiffs are [only] required to conduct a reasonable investigation *after becoming aware of an injury*, and are charged with knowledge of the information that would have been revealed by such an investigation." Fox, 35 Cal.4th at 808. Notably, therefore, plaintiffs are *not* charged with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

knowledge of information that would have been revealed by an investigation if and when, as they allege, there was no apparent reason to conduct such an investigation in the first instance. Accordingly, absent an alleged reason to suspect injury associated with the purchase of the Property, the fact that "[p]laintiffs provide zero explanation of any diligence they took" after their purchase to further investigate "the nature of the property they purchased and occupy" is irrelevant. Def.'s Supp. Brief at 2; see id. at 803 ("[U]nder the discovery rule, a cause of action accrues and the statute of limitations begins to run when the plaintiff *has reason to suspect an injury and some wrongful cause* . . . ." (emphasis added)). To the extent that defendants are arguing that plaintiffs actually knew or should have known of the alleged injury well before 2015, that is a question of fact that is not appropriately decided at the pleading stage, where the Court's inquiry is limited to reviewing and accepting as true the allegations in plaintiffs complaint. Indeed, "[r]esolution of the statute of limitations issue is normally a question of fact." Fox, 35 Cal.4th at 810 (citation omitted); see also Bastian v. Cnty. of San Luis Obispo, 199 Cal. App. 3d 520, 527 (1988) ("Once belated discovery is pleaded, the issue of whether plaintiff exercised reasonable diligence in discovering the negligent cause of the injury is a question of fact.").

     As the California Supreme Court explained in Fox, "to rely on the discovery rule for delayed accrual of a cause of action [at the pleading stage], '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'" Fox, 35 Cal. 4th at 808 (citing McKelvey v. Boeing N. Am., Inc., 74 Cal. App. 4th 151, 160 (1999)). Furthermore, "[i]n assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand demurrer.'" Id. (citing McKelvey, 74 Cal. App. 4th at 160).

     With respect to the first "discovery rule" prong under Fox—adequately pleading the time and manner of discovery—the complaint is quite specific and clear. Plaintiffs allege that in early 2015 they had to seek new environmental assessments of the Property in connection with their refinancing and repayment of the 2005 purchase-money loan on the Property, which had a 10-year term. Compl. ¶¶ 24, 97. Therefore, plaintiffs aver that they (1) commissioned new Phase I and Phase II Environmental Site Assessments

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **'O'**

| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

(attached to the complaint); (2) received results indicating contamination in the soil, soil gas, and groundwater at the Property; (3) commissioned a technical memorandum to estimate remediation costs associated with the contamination; and (4) filed the instant lawsuit shortly thereafter. See Compl. ¶ 24-28. All of these allegations are pled in some detail and with sufficient particularity, including relevant dates.

With respect to pleading the second prong under Fox—the "inability to have made earlier discovery despite reasonable diligence," Fox, 35 Cal. 4th at 808—the allegations in plaintiffs' complaint are more sparse. Still, however, the Court finds them to be sufficiently pled and consistent with similar pleadings found by courts to be adequate for purposes of applying the discovery rule. For example, in E-Fab, the California Court of Appeal for the Sixth District reviewed the sufficiency of pleadings regarding alleged negligence by an accountant recruitment firm in its vetting of a potential employee that plaintiff ultimately hired in reliance upon defendant's screening. 153 Cal. App. 4th 1308, 1313 (2007). With respect to the second Fox prong regarding the inability to discover their injury and cause of action sooner, plaintiff alleged that it relied on defendant's "expertise and experience in determining the qualifications and credentials of its accountants," and had "no reason to suspect that [defendant] did not screen [the recruited employee] and failed to discover she had prior convictions for theft and welfare fraud, . . . as [she] appeared to be a competent and honest employee." Id. at 1325. The court found such allegations "adequate to meet the pleading requirements of the discovery rule [under Fox] and thus to survive demurrer" in part because the "pleading d[id] not suggest any circumstances that should have alerted plaintiff to its injury at defendant's hands"—indeed, the court noted that "plaintiff's reliance on defendant's expertise would warrant a sense of reassurance, not alarm." Id. (citing Moreno v. Sanchez, 106 Cal. App. 4th 1415, 1424 (2003)). Ultimately, the plaintiff in E-Fab "possessed no factual basis for suspicion" because based on the facts as alleged, "both plaintiff's injury and its cause were imperceptible." Id. 1326; see also Price v. Dames & Moore, 92 Cal. App. 4th 355, 361 (2001) (stating in an action for professional negligence against a licensed engineer that plaintiff's hiring of legal counsel to "evaluate the adequacy of [the] engineer's previous environmental investigation" established no more than "speculative harm, or the threat of future harm-not yet realized," and thus was "not enough to trigger the statute of limitations" (citing Budd v. Nixen, 6 Cal.3d at 200)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

Here, as in E-Fab, plaintiffs appear to "possess[] no factual basis for suspicion" because plaintiffs haven't alleged any "circumstances that should have alerted [them] to [their] injury," whether "at defendant's hands" or otherwise. E-Fab, 153 Cal. App. 4th at 1325-26. Specifically, plaintiffs assert in their complaint (1) that they only completed the purchase of the Property after "[h]aving made a reasonable inquiry into the potential environmental issues and having received a finding of 'no contamination' from the identified recognized environmental condition," Compl. at ¶ 23; and (2) that they "had no reason to know that their reliance on the professional work of Defendants A/E West and Aqua Science had been misplaced." Id. at ¶ 97. In such circumstances, especially "where the relationship between the parties is one of special trust," "[d]elayed accrual of a cause of action is viewed as particularly appropriate" and has accordingly been applied against "regulated and licensed profession[als]," as well as "tradespeople who have held themselves out as having a special skill, or [who] are required by statute to possess a certain level of skill." Moreno, 106 Cal.App.4th at 1425 (citations omitted).

In light of such circumstances, the Court of Appeal in Moreno v. Sanchez applied the delayed discovery rule against home inspectors, reasoning that because of (1) "the trust [] potential homeowners must necessarily place in the professional home inspector" and (2) "the hidden nature" of a residence's structural and component parts, a "potential homeowner may not see or recognize a home inspector's negligence, and thus may not understand he has been damaged until long after the inspection date." Id. at 1428-29. Plaintiffs in the instant action similarly allege that defendant A/E West "holds itself out to be skilled in its profession in conducting [environmental assessments]" in order to assess the "need for further study, testing and analysis . . . [regarding] whether toxic and hazardous substances exist on such properties." Compl. ¶ 89. Plaintiffs accordingly relied upon the Phase I Environmental Report of "a registered environmental assessor" at defendant A/E West, and allege they "had no reason to know that their reliance on [such] professional work . . . had been misplaced." Id. ¶ 97. Again, to the extent defendants contest this allegation—e.g., by asserting that plaintiffs should have known that their reliance upon A/E West's report was misplaced—this is a matter best determined with the benefit of a factual record, not on the pleadings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04878-CAS(AGRx) | Date | October 9, 2015 |
| Title | TC RICH, LLC, ET AL. V. PACIFICA CHEMICAL INCORPORATED, ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, defendant A/E West's motion to dismiss is **DENIED**.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |