1  TONY TOOTELL, CA Bar No. 235032
       ttootell@foley.com
2  ELIZABETH M. LILIEDAHL-ALLEN, CA Bar No. 299974
       eliliedahlallen@foley.com
3  **FOLEY & LARDNER LLP**
   555 SOUTH FLOWER STREET, SUITE 3500
4  LOS ANGELES, CA 90071-2411
   TELEPHONE: 213.972.4500
5  FACSIMILE:   213.486.0065

6  Attorneys for Plaintiff-Intervenor
   13301 S. MAIN STREET, LLC
7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | TC RICH, LLC, RIFLE FREIGHT, INC., | Case No. 2:15-cv-4878 DMG (AGRx) |
   | FLEISCHER CUSTOMS BROKERS, | |
12 | RICHARD G. FLEISCHER, and | **13301 S. MAIN STREET, LLC'S** |
   | JACQUELINE FLEISCHER, | **COMPLAINT-IN-INTERVENTION** |
13 | | **FOR:** |
   |                          Plaintiffs, | |
14 | | 1. **Continuing Trespass;** |
   | | 2. **Negligence;** |
15 |              vs. | 3. **Negligence** *Per Se***;** |
   | | 4. **Continuing Private Nuisance;** |
16 | PACIFICA CHEMICAL | 5. **Cost Recovery (CERCLA); and** |
   | INCORPORATED, AQUA SCIENCE | 6. **Declaratory Relief (CERCLA)** |
17 | ENGINEERS, INC., A/E WEST | |
   | CONSULTANTS, INC., and DOES 1 | **DEMAND FOR JURY TRIAL** |
18 | through 10, inclusive, | |
   | | Case Filed:  June 26, 2015 |
19 |                          Defendants. | Judge:  Hon. Dolly M. Gee |

20 | PACIFICA CHEMICAL | |
   | INCORPORATED, | |
21 | | |
   |                  Counter-Claimant, | |
22 | | |
   |              vs. | |
23 | | |
   | TC RICH, LLC, RIFLE FREIGHT, INC., | |
24 | FLEISCHER CUSTOMS BROKERS, | |
   | RICHARD G. FLEISCHER, and | |
25 | JACQUELINE FLEISCHER, | |
   | | |
26 |                  Counter-Defendants. | |

27

28

          13301 S. MAIN STREET, LLC'S COMPLAINT-IN-INTERVENTION
                      Case No. 2:15-cv-4878 DMG (AGRx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13301 S. MAIN STREET, LLC, a
Delaware Limited Liability Company,

               Plaintiff-Intervenor,

     vs.

TC RICH, LLC, a California Limited
Liability Company, RIFLE FREIGHT,
INC., a California corporation,
FLEISCHER CUSTOMS BROKERS, a
sole proprietorship, RICHARD G.
FLEISCHER, an individual,
JACQUELINE FLEISCHER, an
individual, and PACIFICA CHEMICAL
INCORPORATED, a California
Corporation,

               Defendants-in-Intervention.

4815-4649-1971.7

Plaintiff-Intervenor 13301 S. Main Street, LLC ("13301") alleges as follows:

## I.    INTRODUCTION

1.      This action arises out of a release of hazardous substances at and from the real property commonly known as 132 West 132nd Street, Los Angeles, California (the "Subject Property").  13301 is informed and believes, and on that basis alleges, that the Subject Property is contaminated with significant subsurface concentrations of volatile organic compounds ("VOCs").

2.      13301 owns the real property adjacent to the Subject Property, commonly known as 13301 South Main Street, Los Angeles, California ("13301 Property").

3.      13301 obtained a third-party analysis of the 13301 Property, which found elevated levels of VOCs.  The report identified the Subject Property as the source of the VOCs, and found that the VOCs on the 13301 Property were the same VOCs found in higher concentrations on the Subject Property.  13301 is informed and believes, and on that basis alleges, that the VOCs found on the 13301 Property migrated from the Subject Property.

4.      13301 brings this action under theories of common law and the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601 et seq. ("CERCLA") to recover the costs of response to the contamination at the 13301 Property.  13301 seeks recovery of these costs from the current and prior owners, operators, and polluters that caused the ongoing contamination and release of hazardous substances at the Subject Property, and the subsequent migration of hazardous substances to the 13301 Property.

## II.    JURISDICTION AND VENUE

5.      This Court has original jurisdiction pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Western Division of the Central District of California pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b) because the events giving rise

13301 S. MAIN STREET, LLC'S COMPLAINT-IN-INTERVENTION
-1-              Case No. 2:15-cv-4878 DMG (AGRx)

to this action, including the releases, occurrences, violations, engagements and damages described in this Complaint occurred in Los Angeles, California, and because the contaminated properties are located in this District, and Defendants-in-Intervention reside within the District.

## III.   PARTIES

7.   Plaintiff-Intervenor 13301 is a Delaware limited liability company.

8.   Plaintiff-Intervenor 13301 brings this action pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and further alleges that it is a contiguous property owner pursuant to section 107(q) of CERCLA, 42 U.S.C. § 9607(q), as 13301 did not cause, contribute, or consent to the contamination on either the Subject Property or the 13301 Property, is not affiliated with any of the current or former owners or operators of the Subject Property, is cooperating with the investigation of the Subject Property, including providing access to the 13301 Property for sampling and other investigation and remediation related activities, and 13301 conducted all appropriate inquiry prior to acquiring the 13301 Property and did not know, nor have reason to know, that the 13301 Property was or could be contaminated by a release or threatened release of one or more hazardous substances from the Subject Property.

9.   13301 is informed and believes, and on that basis alleges, that Defendant-in-Intervention TC Rich, is a California limited liability company and is the legal/record owner of the Subject Property.

10.   13301 is informed and believes, and on that basis alleges, that Defendant-in-Intervention Fleischer Customs Brokers is a sole proprietorship of Richard G. Fleischer and conducts business on the Subject Property and pays rent to TC Rich.

11.   13301 is informed and believes, and on that basis alleges, that Defendant-in-Intervention Rifle Freight, Inc., is a California corporation, and conducts business at the Subject Property and pays rent to TC Rich.

12.   13301 is informed and believes, and on that basis alleges, that the shareholders of TC Rich are Richard Fleischer and Jacqueline Fleischer.  13301 is

1  informed and believes, and on that basis alleges, that Richard and Jacqueline Fleischer
2  are individual citizens of California, with their residence in Los Angeles County,
3  California.

4      13.    13301 is informed and believes, and on that basis alleges, that Defendant-in-
5  Intervention Pacifica Chemical Incorporated (hereinafter, "Pacifica") is a corporation
6  incorporated under the laws of California.  13301 is informed and believes, and on that
7  basis alleges, that Pacifica owned the Subject Property prior to TC Rich.

8      14.    Defendants-in-Intervention TC Rich, Fleischer Customs Brokers, Rifle
9  Freight, Inc., Richard Fleischer and Jacqueline Fleischer (hereinafter, "Plaintiffs") are
10  named herein as Potentially Responsible Parties ("PRP") pursuant to the authority of
11  section 107(a)(1) of CERCLA,42 U.S.C. § 9607(a)(1), in that they are the owners and/or
12  operators of the Subject Property.

13      15.    Defendant-in-Intervention Pacifica is named herein as a PRP pursuant to
14  section 107(a)(2), 107(a)(3) and 107(a)(4) of CERCLA, 42 U.S.C. §§ 9607(a)(2), (a)(3)
15  and (a)(4), in that said Defendant-in-Intervention was the owner and/or operator of the
16  Subject Property at the time that hazardous substances were released to and/or disposed
17  on the Subject Property.

18  **IV.**    **ALLEGATIONS COMMON TO ALL CLAIMS**

19      16.    13301 is the owner of real property in an unincorporated portion of Los
20  Angeles County, California, referred to herein as the "13301 Property."  13301 purchased
21  the property on December 27, 2012.  The 13301 Property is used as an office and
22  manufacturing space for a homeopathic medicine manufacturer.

23      17.    The Subject Property is located at 132 West 132nd Street, Los Angeles,
24  California.  The Subject Property is located adjacent to the 13301 Property, West of the
25  Northwest border of the 13301 Property.

26      18.    13301 is informed and believes, and on that basis alleges, that Plaintiffs are
27  the current owners and operators of the Subject Property.  13301 is informed and
28  believes, and on that basis alleges, that Pacifica was the owner of the Subject Property

prior to Plaintiffs.  13301 is informed and believes, and on that basis alleges, that the Subject Property is contaminated with hazardous VOCs.

19.  In December 2012, a third-party Phase I Environmental Site Assessment ("ESA") of the 13301 Property was obtained in advance of 13301's occupation of the property.  The ESA did not identify any historic VOC use on the 13301 Property, and did not identify that the Subject Property may be a source of contamination to the 13301 Property.

20.  In 2016, a third-party Vapor Intrusion Study ("VI Study") of the 13301 Property was conducted.  The VI Study concluded that there had been a significant release of VOCs at the Subject Property and that the VOCs released at the Subject Property were primarily tetrachloroethene ("PCE"), with lower concentrations of trichloroethylene ("TCE") and Freon.  The VI Study stated that lower levels of the same VOCs (PCE, TCE, and Freon) were detected on the 13301 Property.  According to the VI Study, the distribution of the VOCs on the 13301 Property indicates a source to the West of the Northwestern corner of the 13301 Property - the location of the adjacent Subject Property.  The VI Study found that the concentration of PCE on the 13301 Property exceeds the level recommended by the Department of Toxic Substances Control ("DTSC").

21.  13301 never consented to the disposal or passive migration of any hazardous substances from the Subject Property onto the 13301 Property.  13301 is informed and believes, and on that basis alleges, that hazardous substances from the Subject Property remain on the 13301 Property without 13301's consent.

22.  13301 is informed and believes, and on that basis alleges, that one or more PRP stored and used various chemicals on the Subject Property, including, but not limited to, PCE, TCE, and Freon.  The chemicals used on the Subject Property, including, without limitation, PCE, TCE and Freon, are classified as hazardous substances under 42 U.S.C. §§ 9601(14).  13301 is informed and believes, and on that basis alleges, that during the course of one or more PRPs' use of the Subject Property, the PRP disposed,

13301 S. MAIN STREET, LLC'S COMPLAINT-IN-INTERVENTION
-4-
Case No. 2:15-cv-4878 DMG (AGRx)

1  dumped, spilled, abandoned, and/or released hazardous substances onto the Subject

2  Property. 13301 is informed and believes, and on that basis alleges, that the hazardous

3  substances from the Subject Property migrated to the 13301 Property. These hazardous

4  substances, which one or more PRP disposed, dumped, spilled, abandoned, and/or

5  released onto the Subject Property, subsequently migrated to the 13301 Property.

6      23.    The current concentration of hazardous substances at the 13301 Property

7  exceeds the safe standards set by the DTSC. 13301 will incur significant expenses and

8  loss of productivity to investigate and remediate the 13301 Property.

9  **FIRST CLAIM**

10  **Continuing Trespass**

11  **(Plaintiff-Intervenor Against All Defendants-in-Intervention)**

12      24.    Plaintiff-Intervenor repeats and incorporates each and every allegation

13  contained in Paragraphs 1 through 23, inclusive, as though fully set forth herein.

14      25.    Plaintiff-Intervenor is informed and believes, and on that basis alleges,

15  Defendants-in-Intervention caused and allowed the release of hazardous substances onto

16  the Subject Property. Plaintiff-Intervenor is informed and believes, and on that basis

17  alleges, that the hazardous substances on the Subject Property migrated to the 13301

18  Property without Plaintiff-Intervenor's consent or permission.

19      26.    Plaintiff-Intervenor is informed and believes, and on that basis alleges, the

20  hazardous substances on the 13301 Property, which migrated from the Subject Property,

21  currently remain in the soil and groundwater beneath the 13301 Property and have not

22  been removed. The continued presence of the hazardous substances constitutes an

23  intrusion on the 13301 Property, and interferes with Plaintiff-Intervenor's possession,

24  use, and enjoyment of the 13301 Property.

25      27.    As a direct and proximate result of Defendants-in-Intervention's disposal,

26  release, dumping, and/or abandonment of hazardous substances onto the Subject

27  Property, and the migration of that waste onto the 13301 Property, Plaintiff-Intervenor

28  has suffered damages, including consequential, incidental, and general damages to be

proven at trial.

## SECOND CLAIM

### Negligence

### (Plaintiff Intervenor Against All Defendants-in-Intervention)

28.     Plaintiff-Intervenor repeats and incorporate each and every allegation contained in Paragraphs 1 through 27, inclusive, as though fully set forth herein.

29.     Defendants-in-Intervention had a duty to use reasonable care to avoid discharging or releasing hazardous substances into the soil or groundwater on the Subject Property, and a duty to use reasonable care to prevent the migration of any contamination onto adjacent properties.

30.     Defendants-in-Intervention breached their duty of reasonable care by negligently allowing the release of contamination onto the Subject Property, and negligently allowing the migration of contamination onto the 13301 Property.

31.     As a direct and proximate result of Defendants-in-Intervention's failure to use reasonable care, Plaintiff-Intervenor suffered damages in an amount to be proven at trial including, but not limited to, costs associated with investigation and remediation of the contamination and consequential, incidental, and general damages including, but not limited to, loss or impairment of use.

32.     Plaintiff-Intervenor is entitled to an award of damages according to proof at trial.

## THIRD CLAIM

### Negligence *Per Se*

### (Plaintiff-Intervenor Against All Defendants-in-Intervention)

33.     Plaintiff-Intervenor repeats and incorporates each and every allegation contained in Paragraphs 1 through 32, inclusive, as though fully set forth herein.

34.     California Fish and Game Code § 5650 provides that: ". . .[i]t is unlawful to deposit in, permit to pass into, or place where it can pass into waters of this state . . . [a]ny petroleum, acid, coal or oil tar, lampblack, aniline, asphalt, bitumen, or residuary

13301 S. MAIN STREET, LLC'S COMPLAINT-IN-INTERVENTION
-6-
Case No. 2:15-cv-4878 DMG (AGRx)

product of petroleum or any carbonaceous material or substance. . . . [a]ny refuse, liquid or solid, from any refinery, gas house, tannery, distillery, chemical works, mill or factory of any kind. . . . [a]ny  factory refuse, lime , or slag. . . . [a]ny substance or material deleterious to fish, plant life, or bird life."

35.    California Health and Safety Code § 5411 states that: "No person shall discharge sewage or other waste, or the effluent of treated sewage or other waste, in any manner which will result in contamination, pollution or a nuisance."

36.    Defendants-in-Intervention are legally required to conform to the requirements of Fish and Game Code § 5650 and to Health and Safety Code § 5411.

37.    Defendants-in-Intervention's conduct violated the law by allowing factory refuse, industrial waste, and other materials harmful to fish, plant, and bird life to be discharged and to contaminate or pollute the groundwater below the 13301 Property.

38.    Defendants-in-Intervention's violation(s) of the above stated statutes proximately caused the contamination at the 13301 Property.

39.    The above stated statutes were designed to prevent contamination of the waters of the State, including groundwater, and the environmental harms suffered by Plaintiff-Intervenor and caused by Defendants-in-Intervention's conduct.  Defendants-in-Intervention's improper activities and violations constitute negligence *per se*.

40.    Plaintiff-Intervenor is a member of the class of persons the above stated statutes are designed to protect.

41.    As a direct and proximate result of Defendants-in-Intervention's negligence *per se*, Plaintiff-Intervenor has suffered, and will suffer, damages, including but not limited to, costs associated with investigation and remediation of the contamination and consequential, incidental, and general damages including, but not limited to,  loss or impairment of use.

42.    Plaintiff-Intervenor is entitled to an award of damages according to proof at trial.

//

4815-4649-1971.7

**FOURTH CLAIM**

**Continuing Private Nuisance**

**(Plaintiff-Intervenor Against All Defendants-in-Intervention)**

43.     Plaintiff-Intervenor repeats and incorporates each and every allegation contained in Paragraphs 1 through 42, inclusive, as though fully set forth herein.

44.     Plaintiff-Intervenor is informed and believes, and on that basis alleges, that as a direct and proximate result of Defendants-in-Intervention's release of hazardous substances and subsequent migration of those hazardous substances onto the 13301 Property, Defendants-in-Intervention are interfering with and precluding Plaintiff-Intervenor's free use and enjoyment of the 13301 Property, and are threatening to impair and injure the health of individuals who would conduct business, visit, or otherwise utilize the 13301 Property.  Defendants-in-Interventions' release of hazardous substances, and the migration of those hazardous substances onto the 13301 Property, is causing injury to the 13301 Property and Plaintiff-Intervenor.  Neither Plaintiff-Intervenor, nor its predecessors in interest, ever sanctioned the migration of hazardous substances from the Subject Property to the 13301 Property.  As a result of Defendants-in-Intervention's activities on the Subject Property, including disposal, dumping, release, and abandonment of hazardous substances, the hazardous substances currently existing in the soil and groundwater under the 13301 Property constitute a private nuisance and continuing nuisance with regard to the 13301 Property, which can, and must, be abated and cleaned up by Defendants-in-Intervention.

45.     Defendants-in-Intervention's use of the Subject Property, including the disposal, dumping, release and abandonment of hazardous substances and resulting continuing nuisance, has directly and proximately caused damages to Plaintiff-Intervenor, including consequential, incidental, and general damages to be proven at trial.

46.     Plaintiff-Intervenor also seeks injunctive relief, ordering Defendants-in-Intervention to abate and to clean up the hazardous substances on the 13301 Property.

//

## FIFTH CLAIM

**Liability for Response Costs Under the Comprehensive Environmental Response, Compensation and Liability Act 42 U.S.C. § 9607**

**(Plaintiff-Intervenor Against All Defendants-in-Intervention)**

47.    Plaintiff-Intervenor repeats and incorporates each and every allegation contained in Paragraphs 1 through 46, inclusive, as though fully set forth herein.

48.    All or some of the hazardous substances that Defendants-in-Intervention stored, used, released and/or disposed of on the soil and into the groundwater located on and beneath the Subject Property, which migrated to the 13301 Property, constitute substances specifically listed or having characteristics designating them as "hazardous substances" within the meaning of 42 U.S.C. § 9601(14).

49.    Plaintiff-Intervenor is informed and believes, and on that basis alleges, that all or some Defendants-in-Intervention were/are the "owner" and/or "operator" of the Subject Property as defined by 42 U.S.C. § 9601(20) from at least 1980 through present day.

50.    Plaintiff-Intervenor is informed and believes, and on that basis alleges, that while Defendants-in-Intervention owned and/or operated the Subject Property, significant quantities of hazardous substances, including but not limited to PCE, TCE and Freon, were disposed of, dumped, spilled, leaked, released, and abandoned onto the soil of the Subject Property, causing those hazardous substances to enter the environment.  Plaintiff-Intervenor is informed and believes, and on that basis alleges, that the hazardous substances on Subject Property migrated to the soil and groundwater on the 13301 Property.

51.    Plaintiff-Intervenor is informed and believes, and on that basis alleges, that Defendants-in-Intervention arranged for the disposal of the hazardous substances which have polluted the Subject Property and the 13301 Property.  The hazardous substances, of which Defendants-in-Intervention arranged for the disposal, were owned and/or possessed by the Defendants-in-Intervention.

52.     The Subject Property, including the buildings thereon, constitute a "facility" as defined by 42 U.S.C. § 9601(9).

53.     All of the Defendants-in-Intervention are "covered persons" within the meaning of that term as it is used in 42 U.S.C. § 9607(a).

54.     As a proximate cause of the Defendants-in-Intervention's release of hazardous substances on the soil and into the groundwater located beneath the Subject Property, which migrated to the 13301 Property, Plaintiff-Intervenor will incur further necessary response costs, including additional costs to assess and investigate the nature and extent of the contamination.  Plaintiff-Intervenor will incur additional response costs in the future as a result of Defendants-in-Intervention's disposal of the above-referenced hazardous substances.

55.     Plaintiff-Intervenor's response to the contamination, including its investigation and remediation of the 13301 Property, has in all respects been in compliance with the National Contingency Plan as provided for in 42 U.S.C. § 9605 and 6907(a)(4)(B) and 40 C.F.R. § 300, et seq.

56.     Plaintiff-Intervenor seeks reimbursement from Defendants-in-Intervention, and each of them, pursuant to 42 U.S.C. § 9607, for all response costs that Plaintiff-Intervenor has incurred and will incur in cleaning up the hazardous substances that Defendants-in-Intervention released onto the Subject Property, which migrated to the 13301 Property when the Defendants-in-Intervention operated the Subject Property.

<u>**SIXTH CLAIM**</u>

**Declaratory Relief**

**(Plaintiff-Intervenor Against All Defendants-in-Intervention)**

57.     Plaintiff-Intervenor repeats and incorporates each and every allegation contained in Paragraphs 1 through 56, inclusive, as though fully set forth herein.

58.     Because the extent and magnitude of the contamination at the 13301 Property is not fully known at this time, and because the contamination has not yet been mitigated, Plaintiff-Intervenor will incur response costs including, but not limited to,

13301 S. MAIN STREET, LLC'S COMPLAINT-IN-INTERVENTION
-10-     Case No. 2:15-cv-4878 DMG (AGRx)

4815-4649-1971.7

investigatory, remedial, and removal expenses, attorneys' fees, and interest in the future.

59.     An actual controversy exists, within the meaning of 28 U.S.C. § 2201 and CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), between Plaintiff-Intervenor and Defendants-in-Intervention with respect to their rights and responsibilities for the response costs incurred, and to be incurred, with respect to the contamination at the 13301 Property.

60.     Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and any other applicable statute, regulation, or principle of law, Plaintiff-Intervenor is entitled to a declaratory judgment from this Court establishing the liability of the Defendants-in-Intervention, and each of them, for such response costs for the purposes of this and any subsequent action or actions to recover further response costs.  If found by the Court, Plaintiff-Intervenor is also entitled to a declaratory judgment establishing that Plaintiff-Intervenor is not liable for the contamination on the 13301 Property.

61.     Such a declaration would avoid the potential for a multiplicity of actions related to future costs and effectuate a just and speedy resolution of the issues and liabilities.  Absent a judicial declaration setting forth the parties' rights and obligations, including the appropriate allocable shares under CERCLA, a multiplicity of actions may result, and Plaintiff-Intervenor may be obligated in the future to pay costs and damages, that under CERCLA, are in fact the responsibility of the Defendants-in-Intervention.

62.     Plaintiff-Intervenor seeks a determination that should response costs be necessary concerning the contamination at the 13301 Property, the Defendants-in-Intervention shall jointly and severally be held liable for said costs, and that Plaintiff-Intervenor shall have no liability.

//

//

//

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Intervenor prays for judgment jointly and severally against the Defendants-in-Intervention as follows:

1.      For an award of damages resulting from the continuing trespass by the release and presence of hazardous substances on the 13301 Property;

2.      For general damages according to proof in the amount to be proven at trial, but in excess of $75,000;

3.      For all consequential damages and related incidental expenses according to proof, including but not limited to, costs associated with Plaintiff-Intervenor's loss of use of the 13301 Property;

4.      For injunctive relief, to compel the Defendants-in-Intervention to clean up and abate the current continuing trespass and continuing private nuisance caused by the migration of hazardous substances from the Subject Property to the 13301 Property;

5.      The recovery of any and all investigation and/or cleanup costs for the 13301 Property from Defendants-in-Intervention;

6.      For a judicial declaration under CERCLA and the Declaratory Judgment Act that all Defendants-in-Intervention, and each of them, are liable for future response costs including reasonable attorneys' fees, expert witness' fees, oversight costs, and interest incurred by Plaintiff-Intervenor to investigate and remediate the contamination on the 13301 Property;

//

//

//

//

//

//

//

//

7.    For a judicial declaration under CERCLA and the Declaratory Judgment Act that Plaintiff-Intervenor is not liable for the contamination on the 13301 Property;

8.    For an award of prejudgment interest calculated in accordance with the law on all sums awarded;

9.    For costs of suit herein incurred;

10.    For such other and further relief as this court may deem just and proper.

DATED:  February 28, 2017          **FOLEY & LARDNER LLP**
                                   Tony Tootell
                                   Elizabeth M. Liliedahl-Allen


                                   /s/ Tony Tootell
                                   _____
                                   Tony Tootell
                                   Attorneys for Plaintiff-Intervenor
                                   13301 S. MAIN STREET, LLC

4815-4649-1971.7

**DEMAND FOR JURY TRIAL**

       Plaintiff-Intervenor 13301 S. Main Street, LLC demands a trial by jury on all claims upon which jury trial is available.

DATED:  February 28, 2017         **FOLEY & LARDNER LLP**
                                   Tony Tootell
                                   Elizabeth M. Liliedahl-Allen

                                   /s/ Tony Tootell
                                   Tony Tootell
                                   Attorneys for Plaintiff-Intervenor
                                   13301 S. MAIN STREET, LLC

4815-4649-1971.7