1   Bret A. Stone   SBN 190161   BStone@PaladinLaw.com
2   Kirk M. Tracy   SBN 288508   KTracy@PaladinLaw.com
    PALADIN LAW GROUP® LLP
3   220 W. Gutierrez Street
    Santa Barbara, CA  93101
4   Telephone:   (805) 898-9700
5   Facsimile:   (805) 852-2495

6
    Counsel for Defendant Pacifica Chemical, Incorporated
7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  TC RICH, LLC *et al.*,                    Case No. 2:15-cv-4878-DMG(AGRx)

12              *Plaintiffs*,                 JOINT STATUS REPORT

13      *v.*                                  *Assigned to Judge Dolly M. Gee*

14  PACIFICA CHEMICAL                         Action filed:  June 26, 2015
    INCORPORATED, *et al.*,                   Discovery cut-off: None set
15                                            Trial date: None set
                *Defendants*.
16

17  AND RELATED CROSS-ACTIONS

18

19        Pursuant to the Order Re Litigation Stay (ECF No. 90) filed on July 3, 2017

20  (the "Stay Order), Plaintiffs TC Rich, LLC, Rifle Freight, Inc., Fleischer Customs

21  Brokers, Richard G. Fleischer, and Jacqueline Fleischer ("Plaintiffs"), Plaintiff-

22  Intervenor 13301 S. Main Street, LLC ("Intervenor"), and Defendant Pacifica

23  Chemical Incorporated ("Pacifica") (collectively, the "Parties") file this Joint Status

24  Report to inform the Court of the Parties' progress in settlement negotiations and the

25  environmental investigation.

26  **I.      BACKGROUND**

27        Plaintiffs are the current owners and occupants of the real property located at

28  located at 132 West 132nd Street, Los Angeles, (the "Property").  In their Complaint,



Plaintiffs allege that the soil, soil vapor, indoor air, and groundwater at the Property is contaminated with tetrachloroethylene, also known as perchloroethylene ("PCE"). Plaintiffs further allege that Pacifica is liable for the contamination under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607.  Pacifica filed a Counterclaim asserting Plaintiffs were liable as the current owners of the Property.  Later, Plaintiff-Intervenor filed a Complaint-In-Intervention alleging that the contamination had migrated onto its adjacent property and that both Plaintiffs and Pacifica were liable.

On June 7, 2017, the Parties attended the Second Settlement Conference with Magistrate Judge Gandhi where a framework for a prospective settlement was developed.  Key to the settlement was evaluating perceived data gaps by installing additional groundwater wells and obtaining approval of a Removal Action Workplan ("RAW") from the Department of Toxic Substances Control ("DTSC").

**II.    STATUS OF ENVIRONMENTAL INVESTIGATION**

Significant progress has been made since the Stay Order was issued.  First, the groundwater wells were installed and sampled.  Next, on November 20, 2017, the draft RAW was submitted to DTSC.  Most recently, at the beginning of January 2018, DTSC provided written comments to the RAW.

Although progress has been made, it has not comported with the timeline anticipated in the Stay Order.  Pacifica is still preparing its response to DTSC's comments and evaluating how they impact the cost estimate and settlement.  In particular, DTSC "recommends that a pilot test be conducted to evaluate and develop full-scale injection design parameters" for the planned Enhanced Reductive Dechlorination injections before a final remedy is implemented.  Pacifica's consultant, Murex Environmental, Inc. ("Murex") concurs with this point as it will allow Murex to refine its cost estimate for the remedy and make sure the technology is effective.  And, importantly, Pacifica's insurer, Fireman's Fund Insurance Company, has agreed to pay for the costs associated with the pilot test.  Murex

1  estimates that it will take 12 months to complete the pilot test, including the requisite

2  reporting.

3        Therefore, while progress toward a final settlement is ongoing, dismissal of

4  this case is premature.  More time is necessary to respond to DTSC's comments on

5  the draft RAW.  After DTSC is satisfied with a revised draft RAW, a 30-day public

6  comment period will commence and additional changes may be required.  Further,

7  once the final RAW is approved, Murex will need to complete the groundwater pilot

8  test before it can refine its fixed-price for the remediation.

9  **III.  SCHEDULING CONFERENCE**

10        Given the above, the Parties request that the status conference be continued

11  from January 26, 2018 to January 25, 2019 and that the Parties either file dismissals

12  or an updated joint status report by January 18, 2019.  In addition, Pacifica will file

13  an interim status report on or before August 24, 2018 to update the Court and the

14  Parties on the progress of the pilot test.

15  DATED: January 19, 2018       PALADIN LAW GROUP® LLP

16

17                           /s/ *Bret A. Stone*

18                           _____

19                           Bret A. Stone
                             Counsel for Defendant Pacifica Chemical

20                           Incorporated

21

    DATED: January 19, 2018       RAINES FELDMAN LLP

22

23

                             /s/ *John S. Cha*

24                           _____

25                           John S. Cha
                             Steven T. Gebelin

26                           Counsel for Plaintiffs

27

28



1   DATED: January 19, 2018          FOLEY & LARDNER LLP

2

3                                    /s/ *Tony Tootell*

4                                    _____

5                                    Sarah A. Slack
                                     Tony Tootell
6                                    Counsel for Plaintiff-Intervenor

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



JOINT STATUS REPORT