Bret A. Stone   SBN 190161   BStone@PaladinLaw.com
Kirk M. Tracy   SBN 288508   KTracy@PaladinLaw.com
PALADIN LAW GROUP® LLP
220 W. Gutierrez Street
Santa Barbara, CA  93101
Telephone:  (805) 898-9700
Facsimile:   (805) 852-2495

Counsel for Defendant Pacifica Chemical, Incorporated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TC RICH, LLC *et al.*,<br><br>   *Plaintiffs*,<br><br>   v.<br><br>PACIFICA CHEMICAL INCORPORATED, *et al.*,<br><br>   *Defendants*.<br><br>AND RELATED CROSS-ACTIONS | Case No. 2:15-cv-4878-DMG(AGRx)<br><br>JOINT STATUS REPORT<br><br>*Assigned to Judge Dolly M. Gee*<br><br>Action filed:  June 26, 2015<br>Discovery cut-off: None set<br>Trial date: None set |

This case has been stayed pending further environmental investigation activities pursuant to the Order Re Litigation Stay (ECF No. 90) and the subsequent Status Conference held on January 26, 2018 (collectively, "Stay Order). Plaintiffs TC Rich, LLC, Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer ("Plaintiffs"), Plaintiff-Intervenor 13301 S. Main Street, LLC ("Intervenor"), and Defendant Pacifica Chemical Incorporated ("Pacifica") (collectively, the "Parties") file this Joint Status Report to inform the Court of the Parties' progress in settlement negotiations and the environmental investigation.

## I. BACKGROUND

Plaintiffs are the current owners and occupants of the real property located at



1  located at 132 West 132nd Street, Los Angeles, (the "Property"). In their Complaint,
2  Plaintiffs allege that the soil, soil vapor, indoor air, and groundwater at the Property
3  is contaminated with tetrachloroethylene, also known as perchloroethylene ("PCE").
4  Plaintiffs further allege that Pacifica is liable for the contamination under the
5  Comprehensive Environmental Response, Compensation, and Liability Act
6  ("CERCLA"), 42 U.S.C. §§ 9607. Pacifica filed a Counterclaim asserting Plaintiffs
7  were liable as the current owners of the Property. Later, Plaintiff-Intervenor filed a
8  Complaint-In-Intervention alleging that the contamination had migrated onto its
9  adjacent property and that both Plaintiffs and Pacifica were liable.

10  On June 7, 2017, the Parties attended the Second Settlement Conference with
11  Magistrate Judge Gandhi where a framework for a prospective settlement was
12  developed. Key to the settlement was evaluating perceived data gaps by installing
13  additional groundwater wells and obtaining approval of a Removal Action Workplan
14  ("RAW") from the Department of Toxic Substances Control ("DTSC").

15  **II.    STATUS OF ENVIRONMENTAL INVESTIGATION**

16  At the end of July 2018, the final Remedial Action Workplan ("RAW") was
17  submitted to DTSC. Completion of the RAW was delayed as a result of multiple
18  rounds of comments by DTSC. After four submittals, DTSC was finally satisfied
19  and public participation notices sent. On September 27, 2018 DTSC participated on
20  a call to relay the results of the comment period. One comment from Intervenors was
21  determined by DTSC to have merit, which was that an addition SVE well should be
22  added to the design, located near the northwest corner of its building. DTSC required
23  a RAW Addendum for the additional well, which was submitted and approved by
24  DTSC on October 10, 2018. Formal RAW approval is required to proceed with the
25  pilot test portion of the RAW, which will provide the data necessary to estimate
26  cleanup costs and settle this case. DTSC requires an Facility-Initiated Corrective
27  Action ("FICA") before approving the RAW. Pacifica provided a draft FICA
28  agreement to Plaintiff on July 5, 2018 and has followed up multiple times to obtain



Plaintiff's comments and approval. Thus, although the wells for the pilot test have been installed, final approval to proceed with the pilot test is pending RAW approval; pending the FICA agreement. Thus, he investigation is at a standstill.

A minimum of eight months is necessary to complete the pilot test once RAW approval is received.

**III. SCHEDULING CONFERENCE**

Given the above, Pacifica requests the Court order Plaintiffs to provide comments and approval on the FICA agreement within three weeks. The Parties will file a joint status report on November 9, 2018 regarding the status of the FICA agreement. The Parties request that the Court set a further status conference for November 16, 2018, but if the status report states that a signed FICA agreement has been reached, the status conference can be reset to July 26, 2018 with a joint status report to be filed one week in advance. Meanwhile, the Parties request that the Stay Order remain in place.

Finally, the Parties request permission to appear at the October 26, 2018 status conference via telephone.

DATED: October 19, 2018        PALADIN LAW GROUP® LLP


                               /s/ *Bret A. Stone*
                               _____
                               Bret A. Stone
                               Counsel for Defendant Pacifica Chemical
                               Incorporated


DATED: October 19, 2018        RAINES FELDMAN LLP


                               /s/ *John S. Cha*
                               _____
                               John S. Cha
                               Steven T. Gebelin
                               Counsel for Plaintiffs



| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | DATED: October 19, 2018 | FOLEY & LARDNER LLP |
| 4 | | |
| 5 | | /s/ *Tony Tootell* |
| 6 | | _____ |
| 7 | | Sarah A. Slack<br>Tony Tootell |
| 8 | | Counsel for Plaintiff-Intervenor |

