**RAINES FELDMAN LLP**
JOHN S. CHA (SBN 129115)
jcha@raineslaw.com
1800 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 440-4100
Facsimile: (424) 239-1613

Attorneys for Plaintiffs
TC Rich, LLC, Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TC RICH, LLC, a California Limited Liability Company, RIFLE FREIGHT, INC., a California corporation, FLEISCHER CUSTOMS BROKERS, a sole proprietorship, RICHARD G. FLEISCHER, an individual, and JACQUELINE FLEISCHER, an individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>PACIFICA CHEMICAL, INCORPORATED, a California Corporation, AQUA SCIENCE ENGINEERS, INC., a California Corporation, A/E WEST CONSULTANTS, INC., a Nevada Corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants.<br><br>AND ALL RELATED CROSS-ACTIONS | Case No. CV 15-4878 DMG (AGRx)<br><br>*Assigned to the Hon. Dolly M. Gee*<br><br>**FURTHER JOINT STATUS REPORT**<br><br>Action filed:  June 26, 2015<br>Discovery cut-off:  None set<br>Trial date:  None set |

This Further Status Report follows the Status Conference call held on October 26th.  During that call, the Court ordered (1) a Further Joint Status Report by November 14th regarding the Facility-Initiated Corrective Action ("FICA"), (2) status of potential settlement, and (3) quarterly status reports thereafter (with the first due on February 14, 2019).

**_FICA_**: On November 7th, plaintiffs and their counsel met with the DTSC representatives.  During that meeting, plaintiffs were informed that the DTSC had sent a draft FICA to defendant Pacifica and its counsel pursuant to which Pacifica was identified as the sole party responsible for performance of the Removal Action Workplan (RAW).  After tendering a request later that day to Pacifica's counsel for a copy of the draft agreement provided to it by DTSC, Pacifica's counsel provided that draft FICA to plaintiffs' counsel, which confirmed that the DTSC's draft FICA was sent to Pacifica's counsel and its environmental consultant (Bret Stone and Jeremy Squire) on May 4, 2018.  Plaintiffs contend that the reason the draft FICA was sent only to Pacifica is because that draft FICA was a proposed agreement between the DTSC and Pacifica, the only responsible party identified by the DTSC at the time.  Plaintiffs further contend they were never provided a copy of the draft FICA by the DTSC because, as explained by the DTSC, they were not a party to the agreement. Pacifica contends that the draft FICA only included Pacifica and was only sent to Pacifica because Pacifica has been the only party actively putting its foot forward to work with DTSC to come to a resolution by preparing the RAW. Pacifica started with the draft FICA provided by DTSC and made edits it believed were appropriate to achieve full and final resolution of this litigation and remediation of the contamination at issue.

The edited draft FICA Mr. Stone provided to plaintiffs' counsel on July 5th, identified Pacifica AND all plaintiffs as joint responsible parties.  Plaintiffs contend that the DTSC representative informed plaintiffs' counsel that plaintiffs could elect to participate in the agreement, but it was not a current requirement of the DTSC,

thus the original FICA named only Pacifica.

Plaintiffs do not agree that they have any obligation to enter into a FICA with Pacifica. It's plaintiffs' understanding that because plaintiffs will not agree to voluntarily become a responsible party, the DTSC will issue an order against Pacifica to take full responsibility for the clean-up. Pacifica contends that Plaintiff *is* a responsible party as the current owner of the facility as alleged in its counterclaim (ECF No. 17). Thus, if DTSC were to issue an order, it would have to identify *all* responsible parties. Pacifica believes that plaintiffs must also enter into the FICA in order to facilitate final resolution of this matter and remediation of the contamination at issue.

**_SETTLEMENT_**: Pacifica's counsel provided a draft settlement agreement on July 5th that plaintiffs believe does not comport with the understanding reached in mediation with Magistrate Judge Gandhi on June 7, 2017. The central item tentatively agreed to in an unsigned "Memorandum of Understanding" was that Pacifica's insurance carrier, Fireman's Fund, agreed to pay $940,000 to Murex Environmental, Pacifica's consultant, and that Murex agreed to complete all remediation activities for that sum. Plaintiffs believe that under the proposed settlement terms, plaintiffs would have no responsibility for funding or completing the remediation of the contamination caused by Pacifica's long-term operations. Rather, Murex would agree to accept that responsibility in exchange for payment. While it is correct that additional assessment and related work were contemplated at the mediation with Judge Gandhi, Murex was certain it could and would complete all remediation activities for $940,000. That was guaranteed money to Murex. It was based on that understanding that Pacifica and its counsel and consultant, Murex, undertook responsibility to communicate with the DTSC and begin the "complete remediation" process. Pacifica disagrees with this understanding of the terms in the Memorandum of Understanding and specifically disagrees that the terms intended for plaintiffs to have no further responsibility whatsoever for the remediation

1  activities to be performed at their property.  Indeed, Pacifica's insurer made it clear
2  that any final settlement would be of a sum certain and not an agreement to perform
3  work.  Plaintiffs previously accepted two other cash settlements in this case totaling
4  $100,000, which this Court determined were in good faith and therefore acts as a
5  $100,000 setoff to what plaintiffs could recover from any other parties, including
6  Pacifica.

7  Pacifica's proposed "settlement agreement" provides that plaintiffs accept an
8  unknown amount (the agreement contains a "_____" for the settlement
9  amount), presumably from Pacifica's carrier, completely release Pacifica, and take
10 full responsibility for the remediation work.  The settlement agreement does not
11 include Plaintiff-Intervenor, except to state that Pacifica will "send notice" to the
12 Intervenor.  Plaintiffs find the settlement agreement proposed by Pacifica to be
13 unacceptable and believe the parties are now at an impasse. Pacifica has not
14 received a redline markup of the settlement from Plaintiffs. Pacifica does not
15 understand the plaintiffs' objection as they previously reached two settlement
16 agreements in this case for a sum certain. While Pacifica is willing to return to Judge
17 Gandhi for further mediation, it does not make sense to do so until the pilot study
18 portion of the RAW is completed.  But without a FICA, DTSC will not approve the
19 RAW. Plaintiffs risk tens of thousands of dollars of investigation work not being
20 performed.  This work can be performed at no cost to the plaintiffs if they agree to
21 sign the FICA instead of deciding to litigate.

22 *__DTSC__*:  Plaintiffs expect that the DTSC will issue its order shortly.
23 Thereafter, it will be up to Pacifica to accept the order, if Pacifica is the only named
24 responsible party.  Pacifica cannot comment on this hypothetical. Plaintiffs may
25 request that the Court set this matter for trial and all attendant dates and events
26 leading up to trial.  Given the posture of Plaintiff and Defendant, prior to moving
27 forward with setting trial dates, Plaintiff-Intervenor would request that the parties
28

---

*TC RICH v. Pacifica Chemical, et al.*                    3                    **FURTHER JOINT STATUS REPORT**
USDC Case No. CV 15-4878 DMG (AGRx)

take the suggestion of the Court and schedule a follow-up mediation session with either a Magistrate Judge or Mr. Gandhi.

Dated: November 14, 2018    **RAINES FELDMAN LLP**

*/s/ John S. Cha*
_____
John S. Cha
Counsel for Plaintiffs

Dated: November 14, 2018    **PALADIN LAW GROUP® LLP**

*/s/ Bret A. Stone*
_____
Bret A. Stone
Counsel for Defendant Pacifica Chemical Incorporated

Dated: November 14, 2018    **FOLEY & LARDNER LLP**

*/s/ Tony Tootell*
_____
Sarah A. Slack
Tony Tootell
Counsel for Plaintiff-Intervenor