Bret A. Stone   SBN 190161   BStone@PaladinLaw.com
Jon G. Lycett   SBN 209425   JLycett@PaladinLaw.com
Kirk M. Tracy   SBN 288508   KTracy@PaladinLaw.com
PALADIN LAW GROUP® LLP
220 W. Gutierrez Street
Santa Barbara, CA  93101
Telephone:  (805) 898-9700
Facsimile:   (805) 852-2495

Counsel for Defendant Pacifica Chemical, Incorporated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TC RICH, LLC, *et al.*,<br><br>                    *Plaintiffs*,<br><br>         v.<br><br>PACIFICA CHEMICAL INCORPORATED, *et al.*,<br><br>                    *Defendants*.<br><br>AND RELATED CROSS-ACTIONS | Case No. 2:15-cv-4878-DMG(AGRx)<br><br>*Assigned to Judge Dolly M. Gee*<br><br>OPPOSITION TO PLAINTIFFS' MOTION FOR (1) MODIFICATION OF SCHEDULING ORDER AND (2) LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>Hearing Date:  April 19, 2019<br>Time:  9:30 a.m.<br>Courtroom:  8C<br><br>Action filed:  June 26, 2015<br>Discovery cut-off: None set<br>Trial date: None set |

Defendant Pacifica Chemical Incorporated ("Pacifica") respectfully submits the following opposition to Plaintiffs TC Rich, LLC, Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer's (collectively "Plaintiffs") Motion for (1) Modification of the Scheduling Order and (2) Leave to file a First Amended Complaint:

/ / /

## I. INTRODUCTION

Even though three years have elapsed since the deadline for seeking leave to amend the pleadings expired, Plaintiffs argue there is now "good cause" for granting them leave to amend their Complaint. By way of explanation, Plaintiffs point to a minor administrative dispute and falsely accuse Pacifica of game-changing intransigence. But it was Plaintiffs, not Pacifica, who refused to sign the Department of Toxic Substances Control's ("DTSC") Facility Initiated Corrective Action ("FICA") Agreement. Regardless, Pacifica has arranged to complete the next critical stage of work without the FICA Agreement, resolving the issue for now.

Pointing to their dubious accusations, Plaintiffs claim they need Resource Conservation and Recovery Act ("RCRA") claims to support an application for injunctive relief. But Plaintiffs already have claims that could be used to apply for an injunction – nuisance and trespass – and a request for an injunction is already expressly included in Plaintiffs' prayer-for-relief. Consequently, a RCRA claim is unnecessary for that purpose. Unlike nuisance and trespass, however, RCRA provides for the recovery of attorneys' fees, revealing the true reason behind Plaintiffs' request. It is far too late in these proceedings to allow an amendment to merely add a claim for attorneys' fees, which could easily have been included with their original complaint or amended into their original complaint in compliance with the deadline. There is nothing about the supposed FICA Agreement dispute that justifies the addition of a claim for attorneys' fees.

Finally, given that the standard for allowing the amendment of a pleading at this late stage of the proceedings focuses on the applicant's diligence, Plaintiffs fail the test. After the original amendment deadline passed, the parties stipulated to continue the various pending deadlines twice. In neither case did Plaintiffs speak up and ask this Court to allow them to revive or otherwise preserve a right to seek a RCRA claim. Later still, the parties stipulated to stay the case generally, vacating all the pending trial deadlines. Again, Plaintiffs failed to make any attempt to preserve

their desired RCRA claim. Then, in May 2017 and before the FICA Agreement dispute arose, Plaintiffs sent Pacifica a 90-day notice of endangerment, which is required before a RCRA claim may be filed. The date of that notice means Plaintiffs have known for nearly two years that they wanted to file a RCRA claim against Pacifica, but they failed to seek leave to do so. Moreover, the FICA Agreement issue has been pending between the parties since July of 2018, but Plaintiffs are just now seeking leave to amend. Plaintiffs have been anything but diligent.

There is no good cause for allowing this dilatory amendment that seeks nothing but a new claim for attorneys' fees. Adding such a claim at this late stage in the proceedings will serve only to interfere with the parties' long-standing settlement negotiations, give rise to a new round of motion practice, and burden the parties with additional discovery. This Court should deny Plaintiffs' request.

## II.   FACTUAL SUMMARY

### A.   Procedural History

Plaintiffs' Complaint was filed in June 2015. [ECF No. 1.] The Complaint includes a "Fifth Cause of Action" for continuing private nuisance, [*id* at ¶¶ 55 – 62], and a "Sixth Cause of Action" for continuing trespass, [*id* at ¶¶ 63 – 70]. Pursuant to the Fifth and Sixth Causes of Action, Plaintiffs' Complaint expressly prays for injunctive relief, asking the Court to "compel [Pacifica] to abate and remove the current continuing trespass and continuing private nuisance caused by the release and presence of hazardous substances on the Property." [*Id*. at 25:4-6.]

After some initial motion practice, the Court set a January 4, 2016 scheduling conference, which resulted in the March 11, 2016 deadline for seeking leave to amend the pleadings. [ECF No. 45.] After the March 11 deadline had long come and gone, in September 2016 the parties submitted a stipulation seeking a continuance of the trial date and all related deadlines. [ECF No. 65.] In that stipulation, Plaintiffs did not seek to revive the deadline for amending the pleadings. The Court granted the continuance but did not mention the deadline for seeking leave

to amend the pleadings, presumably because it had already passed. [ECF No. 68.]

In January 2017, the case was reassigned to this Court, which vacated the existing trial date and issued a new scheduling order. [ECF Nos. 71, 72, 72-1.] The new schedule was provided in table format, with "N/A" listed in the cell for the deadline to file a motion for leave to amend the pleadings. [ECF No. 72-1.] Presumably, the Court put "N/A" in that box because the relevant deadline had long past and had not been continued with other deadlines. *See* ECF No. 104, n. 1.

Shortly thereafter, in March 2017, the parties submitted another stipulated request for a continuance. [ECF No. 84.] Once again, Plaintiffs did not notify the Court that they might want to amend their Complaint, nor did they seek permission to do so. The Court granted the continuance, setting new dates for trial and related, remaining pre-trial deadlines. [ECF No. 85.] The Court's order says nothing about the deadline for seeking leave to amend the pleadings, presumably because that deadline had long passed.

Three months after seeking a second trial-continuance, in July 2017, the parties submitted another stipulation, this time requesting that the case be completely stayed while environmental investigations proceed. [ECF No. 89.] Notably, in the intervening period Plaintiffs sent Pacifica an alleged 90-day "Notice of Endangerment and Intent to File Suit" pursuant to RCRA, claiming that Plaintiffs would file a RCRA claim against Pacifica "*by way of amendment to its pleadings in the pending action between the parties in the United States District Court*." [Decl. of Bret Stone ("Stone Decl.") at ¶ 13, Ex. C, p. 7 (emphasis added).] The purported notice is dated May 17, 2017. [*Id.*] Thus, even though Plaintiffs were well-aware that they contemplated amending their Complaint, they made no attempt to preserve their RCRA claim by notifying the Court or otherwise seeking relief from the long-passed deadline for requesting such amendments. Instead, they let nearly another two years pass. Plaintiffs first notified this Court of their interest in amending the Complaint in a Joint Status Report filed on February 28, 2019. [ECF No. 103.]



**B.  Relevant Investigation and Settlement History**

As early as June 30, 2017, the parties informed this Court that Pacifica, its consultant, and its insurer had outlined a detailed proposal to fully remediate Plaintiffs' property at no cost to Plaintiffs. (Stip. re: Litig. Stay (ECF No. 89) at 3:17 – 4:17.] It was Pacifica's understanding then, [*id* at 4:2-4], and it remains Pacifica's position now, [Stone Decl. at ¶ 2], that such a settlement only works if Plaintiffs take responsibility for completing the cleanup with money already provided to them in settlements with other parties combined with additional funds to be provided by Pacifica's insurer in exchange for a complete release. Pacifica remains dedicated to settling this case accordingly. [*Id.* at ¶¶ 4, 5, 7, 8.]

In keeping with this understanding, when the DTSC provided its draft FICA Agreement to Pacifica's counsel in May 2018, Mr. Stone modified it to include Plaintiff TC Rich, as the current owner of the property. [*Id.* at ¶ 4.] Pacifica sent the proposed FICA Agreement to Plaintiffs on July 5, 2018. [Joint Status Report (ECF No. 96) at 2:27 – 3:1.] Despite repeated follow up, Pacifica heard nothing from Plaintiffs regarding the proposed FICA Agreement for months. [*Id.*] Indeed, even by the October 19, 2018 Joint Status Report, Plaintiffs still had raised no objections to the proposed FICA Agreement, leading Pacifica to request that the Court order them to respond. [*Id.* at 3:7-8.] Eventually, TC Rich refused to sign the FICA Agreement. [Stone Decl. at ¶ 6.]

Initially, DTSC declined to approve any additional work without a signed FICA Agreement in place. [Stone Decl. at ¶ 6.] By late February, however, Pacifica had convinced DTSC to allow at least a pilot test to go forward without a FICA Agreement. [*Id.* at ¶ 8.] Since then, Pacifica's consultant, Murex, has been working with DTSC to make the necessary arrangements. [*Id.* at ¶¶ 9, 10, 11.] DTSC is now poised to approve the critical pilot test, [*Id.* at ¶ 11], meaning that the FICA Agreement dispute has been resolved for now, [*Id.* at ¶ 12].

/ / /



## III. ARGUMENT

As the Court notes in its order granting Plaintiffs leave to file the instant motion, [ECF No. 104], the standard for leave to amend at this stage of the proceedings is "good cause." *See* FRCP 16(b)(4); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992). The *Johnson* court's discussion of the standard has been cited thousands of times, and is the best statement of the law in this Circuit:

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."* Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); [citations]. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. [Citations]. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, *the focus of the inquiry is upon the moving party's reasons for seeking modification*. See *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985). If that party was not diligent, the inquiry should end.

975 F.2d at 608 (emphasis added). To this analysis, First Circuit courts have added the obvious point that, "'Good cause' does not typically include a change of heart on a litigation strategy." *Snyder v. Collura*, 812 F.3d 46, 52 (1st Cir. 2016).

Here, Plaintiffs offer no good cause for their amendment. The purported need for injunctive relief is a ruse. Pacifica is still doing the necessary work, and Plaintiffs' existing claims already seek injunctive relief. What Plaintiffs really want is a claim that gives them a chance to recover their attorneys' fees. But there is no reason why such a claim could not have been included in Plaintiffs' original Complaint. For three years Plaintiffs failed to make any attempt to add or preserve a RCRA claim. Plaintiffs have been anything but diligent here. Leave to amend should be denied.

### A. The FICA Agreement dispute is largely resolved and presents no good cause to allow the requested amendment.

The entire basis for Plaintiffs' motion does not exist. Plaintiffs' discussion of the administrative dispute that purportedly leads to their motion is neither accurate

nor fair. Pacifica did not refuse to sign the FICA Agreement, as Plaintiffs repeatedly allege. Pacifica was perfectly willing to sign the FICA Agreement, as long as Plaintiff TC Rich signed it also. This position was consistent with the settlement structure that had been <u>jointly</u> revealed to the Court as far back as June 30, 2017, [ECF No. 89], and which Pacifica has understood to be the basis of settlement negotiations ever since that time.

Regardless of who is at fault, however, this minor disagreement over administrative process has no business before this Court. It simply is not true that Pacifica is "no longer cooperating" as Plaintiffs allege. [Memo. Of Ps & As in Supp. Of Mo. (ECF No. 105-1 ("Motion")) at 7:13-17.] Since the FICA Agreement impasse arose, Pacifica has simply found a "work around" that will allow the process to continue to move forward anyway. The necessary pilot test will still be completed, and there is no reason why a settlement cannot be reached based upon the results, as has long been contemplated.

Essentially, the alleged change in "trajectory," [Motion at 7:13], that forms the basis for Plaintiffs' motion never happened. What did happen certainly does not supply good cause for the requested amendment. Plaintiffs' motion should be denied.

**B.    Plaintiffs' existing claims already allow them to seek injunctive relief and adding a belated claim for attorney's fees is not good cause.**

Even if the circumstances were as Plaintiffs allege, the amendment they seek does not help them. Plaintiffs' motion asserts that they had a "reasonably-held belief that injunctive relief was not a necessary claim earlier in this action . . . ." [Motion at 5:8-9.] This assertion forms the entire basis for the relief sought. Because they could not have known that Pacifica would suddenly stop cooperating, Plaintiffs allege, they could not have known that they would need a claim for injunctive relief. No other cause for the requested amendment is offered.

It is fair to say that Plaintiffs' argument lacks a certain amount of candor with

the Court. Plaintiffs must have known something about a need for injunctive relief, because their Complaint already contains two such claims and expressly requests such relief. Based on their causes of action for nuisance and trespass, Plaintiffs fourth prayer-for-relief sought at the outset the exact injunction that they now claim they could not have known was needed until the recent FICA Agreement impasse. Thus, contrary to their argument, Plaintiffs do not need to add a RCRA claim in order to request an injunction.

If Plaintiffs do not need RCRA to request an injunction, then why did they make this motion? Plaintiffs answer that question only in passing, perhaps hoping the Court would not notice while at the same time getting credit for having mentioned it if it came up – attorneys' fees. [Motion at 5:3-7.] Currently, although the Complaint requests their recovery, none of Plaintiffs' claims provide for the recovery of attorneys' fees. RCRA, however, allows for the prevailing party to apply for the recovery of their "costs of litigation (including reasonable attorney and expert witness fees)." 42 U.S.C. § 6972(e). This is the real reason behind the current motion. Nothing in this case has changed that provides good cause for this belated amendment to seek attorneys' fees from Pacifica.

### C. Plaintiffs have been far from diligent in seeking this amendment.

Most importantly, even if the circumstances justified it and the requested amendment was appropriate, Plaintiffs still have been nowhere near sufficiently diligent. The deadline for requesting leave to amend the pleadings expired over three years ago. In the Ninth Circuit alone, there are thousands of cases that address belated requests to amend the pleadings, so it is impossible to say that no case has ever found a three-year delay to be diligent, and Plaintiffs cite no such case. But a review of the case law on this subject makes clear that courts often reject requested amendments for a lack of diligence, even when they only miss the deadline by a few months. *See, e.g., VIA Technologies, Inc. v. ASUS Computer Int'l*, No. 14-cv-03586-BLF (HRL), 2017 U.S. Dist. LEXIS 12614 at *1-4 (N.D. Cal. Jan. 30, 2017) (motion

to amend not diligent when filed three months after a court order provided notice to plaintiff). A three-year delay is, at least, extraordinary.

Moreover, during the intervening three years, Plaintiffs passed up multiple opportunities to preserve a right to include a RCRA claim in this lawsuit. Twice, the parties submitted stipulations requesting that the Court continue the trial date and related pre-trial deadlines. Plaintiffs could easily have requested that the Court include a new deadline for amending the pleadings, explaining their interest in adding a cause-of-action under RCRA. The Court may have required a showing of good cause, but a request at those times would have been far more diligent than now.

Later, the parties submitted another stipulation, requesting a general stay of the case while environmental investigations proceeded. Again, Plaintiffs said nothing to this Court about amending their Complaint. What makes the lack of diligence so manifest at that time is that it was filed over a month <u>after</u> Plaintiffs sent Pacifica their 90-day "Notice of Endangerment and Intent to File Suit" under RCRA. That notice expressly declares Plaintiffs' intent to amend their Complaint, even though they knew the deadline for such an amendment had long passed. And still, Plaintiffs filed a scheduling stipulation with this Court, which made no attempt to resurrect a right to amend the pleadings or otherwise preserve a claim under RCRA. Instead, Plaintiffs allowed almost another two years to pass.

Plaintiffs lacked diligence even after the dispute over the FICA Agreement arose. Pacifica sent Plaintiffs the modified FICA Agreement on July 5, 2018. [Joint Status Report (ECF No. 96) at 2:27 – 3:1.] Plaintiffs offered no response to the draft FICA Agreement for over three months. After repeated attempts to get a response were ignored, Pacifica finally included a request that this Court order a response in the October 19, 2018 Joint Status Report. [*Id.* at 3:7-8.] Even in the face of that request, Plaintiffs said nothing to this Court about amending their Complaint. Indeed, Plaintiffs still waited another four months, finally requesting leave to make this motion in the February 28, 2019 Joint Status Report.

Plaintiffs could hardly have been less diligent in seeking this amendment. This motion must be denied.

### D. Plaintiffs requested amendment will only interfere with months of settlement negotiations.

While prejudice to the opposing party is not the focus, *Johnson, supra,* 975 F.2d at 608, it bears at least some mention in response to this motion. This case has been pending for almost four years. The parties have conducted discovery, engaged in extensive environmental investigations, and participated in substantial, mediated settlement negotiations. For its part, Pacifica continues to conduct its investigations and work towards settlement in good faith. Adding new claims now, along with likely motion practice and discovery, would be extremely unproductive and prejudicial toward Pacifica. Plaintiffs' motion should be denied.

## III. CONCLUSION

Plaintiffs' motion does not come close to demonstrating good cause for allowing a late amendment to their Complaint. The entire justification for the request is non-existent and, even if it did exist, the requested amendment does not address the alleged cause. Plaintiffs already have claims with which they can request injunctive relief, if necessary. Plaintiffs have passed on opportunity after opportunity to make some attempt to preserve their requested RCRA claim but waited almost three years anyway. Plaintiffs should not be allowed to upset so much progress at the last minute. Pacifica respectfully requests that Plaintiffs' motion be denied.

DATED: March 29, 2019	PALADIN LAW GROUP® LLP

/s/ *Jon G. Lycett*
_____
Jon G. Lycett
Counsel for Defendant Pacifica Chemical Incorporated