UNITED STATES DISTRICT COURT  **STAYED**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-4878-DMG (AGRx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | *TC Rich, LLC, et al. v. Pacifica Chemical Incorporated, et al.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT [105]**

On June 26, 2015, Plaintiffs TC Rich, LLC; Rifle Freight, Inc.; Fleischer Customs Brokers; Richard G. Fleischer; and Jacqueline Fleischer filed a Complaint against Defendants Pacifica Chemical Incorporated ("Pacifica"); Aqua Science Engineers, Inc.; and A/E West Consultants, Inc.[1] [Doc. # 1.] The Complaint alleges the following causes of action: (1) Cost Recovery—Owner Liability; (2) Cost Recovery—Operator Liability; (3) Cost Recovery—Arranger Liability; (4) Declaratory Relief; (5) Continuing Private Nuisance; (6) Continuing Trespass; (7) Negligence; (8) Negligence *Per Se*; and (9) Professional Negligence. *Id.* at 1, 11–25. On August 20, 2015, Pacifica filed an Answer to the Complaint. [Doc. # 16.] The deadline for requesting leave to amend the pleadings expired on March 11, 2016. [Doc. # 43.] Since July 3, 2017, all discovery and motion practice has been stayed to allow the parties (including Plaintiff-Intervenor 13301 S. Main Street, LLC) to perform additional investigative work regarding the contamination of the subject property and ultimately settle all outstanding disputes between them. [Doc. ## 89, 90.]

On March 7, 2019, the Court lifted the stay for the limited purpose of permitting Plaintiffs to move for leave to file an amended pleading. [Doc. # 104.] On March 21, 2019, Plaintiffs filed a Motion for Leave to File a First Amended Complaint. [Doc. # 105.] Apart from several "minor revisions to correct errors in [the Complaint's] factual allegations," the Proposed First Amended Complaint would merely add a claim against Pacifica for injunctive relief and attorneys' fees under the Resource Conservation Recovery Act ("RCRA"). *See* Mot. at 3–4; Redlined Proposed First Am. Compl. at 11–44 [Doc. # 105-1].[2] The motion has since been fully briefed. [Doc. ## 111, 112.] The Court deems this matter appropriate for decision

---

[1] Plaintiffs later voluntarily dismissed Defendants Aqua Science Engineers, Inc. and A/E West Consultants, Inc. from this action. [Doc. ## 58, 67.]

[2] All page references herein are to page numbers inserted by the CM/ECF system.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT      **STAYED**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 15-4878-DMG (AGRx)**            Date   April 15, 2019

Title   *TC Rich, LLC, et al. v. Pacifica Chemical Incorporated, et al.*      Page   2 of 3

without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons discussed below, the Court **DENIES** Plaintiffs' motion.

     Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading with the court's leave, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). After the deadline for requesting leave to amend the pleadings has elapsed, however, the "ability to amend [a] complaint [i]s governed by Rule 16(b), not Rule 15(a)." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). That Rule provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.*; *see also* Order re Jt. Status Report at 1 (warning Plaintiffs that leave to amend would be granted only if they could show diligence) [Doc. # 104].

     Plaintiffs argue that until a "recent impasse" had arisen between Pacifica and the California Department of Toxic Substances Control ("DTSC"), Plaintiffs had a "reasonably-held belief that injunctive relief was not a necessary claim in this action as Pacifica Chemical was actively cooperating with DTSC to perform site cleanup." *See* Mot. at 6. Specifically, Plaintiffs claim that in July 2018, Pacifica "refused" to enter into a Facility Initiated Corrective Action agreement ("FICA agreement") on the ground that "any such agreement with DTSC [should] also include Plaintiffs." *See id.* at 5; Reply at 5 ("It was not until Defendant refused to sign the FICA agreement in July 2018 that Plaintiffs first had notice that Defendant was retreating on its agreement in principle to perform all necessary remediation at the Property."). Plaintiffs claim that as a result of Pacifica's decision, "DTSC in turn refused to allow further site investigation work to go forward." *See* Mot. at 5. According to Plaintiffs, "[n]ow that Pacifica Chemical is no longer cooperating and has reached an impasse with DTSC, a[n] RCRA claim is necessary to facilitate the cleanup of the Property in the event that DTSC does not issue an order requiring that Pacifica Chemical . . . undertake the requisite investigation and remediation." *See id.* at 8.

     Plaintiffs did not inform the Court of their intention to move for leave to amend the Complaint until approximately seven months after this so-called "recent impasse" arose, even though they were fully aware that the deadline for requesting leave to amend expired years ago. *See* Feb. 28, 2019 Jt. Status Report at 2–4 [Doc. # 103]. Further, Plaintiffs do not claim that Pacifica ever changed its position regarding whether Plaintiffs should be parties to the FICA agreement. Instead, Plaintiffs' briefing indicates that they hoped that Pacifica would abandon that position at a February 22, 2019 mediation session. *See* Reply at 6 ("The parties attended the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

STAYED

| Case No. | CV 15-4878-DMG (AGRx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | TC Rich, LLC, et al. v. Pacifica Chemical Incorporated, et al. | Page | 3 of 3 |

mediation on February 22, 2019, and while some progress was made towards breaking the impasse surrounding the pilot study and FICA agreement, Defendant did not unequivocally accept responsibility for performance of the full remediation."). The fact that Plaintiffs made a tactical decision amounting to a "wait and see" approach demonstrates that they did not diligently seek an extension of the deadline for amending the Complaint. *Cf. Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759–60 (8th Cir. 2006) ("The tactical decision to withdraw [an expert witness] in response to a motion challenging his opinion did not provide good cause to substitute [another expert after the deadline for doing so]."); *Watt v. All Clear Bus. Sols. LLC*, 840 F. Supp. 2d 324, 326 (D.D.C. 2012) (indicating that a plaintiff did not act diligently when he moved to reopen discovery, as he merely anticipated that a settlement or a stipulation would obviate the need to supplement his expert disclosures). Consequently, they cannot establish good cause for modifying the scheduling order to allow them to file an amended pleading long past the filing deadline. *See Johnson*, 975 F.2d at 609.

Accordingly, the Court **DENIES** Plaintiffs' motion and **VACATES** the April 19, 2019 hearing.[3] The stay of all motion practice and discovery shall remain in effect, and the parties shall continue to file quarterly status reports regarding the status of their investigation of the environmental contamination in question, development of a remedial plan, and settlement negotiations.

**IT IS SO ORDERED.**

---

[3] Given the Court's finding that Plaintiffs have not been diligent, it need not address the parties' other arguments. *See, e.g.*, Reply at 3 (questioning Pacifica's assertion that "it has 'arranged' with DTSC to complete [a] pilot study without entering into a FICA agreement").